# EXHIBIT 5

```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
 2                       HOUSTON DIVISION

 3   UNITED STATES OF AMERICA     *   CRIMINAL NO. H-18-278
                                  *
 4   VERSUS                       *   Houston, Texas
                                  *   January 10, 2019
 5   PRESMER LLC and ANNSLEY POPOV *   9:00 a.m.

 6                           SENTENCING
               BEFORE THE HONORABLE LEE H. ROSENTHAL
 7              CHIEF UNITED STATES DISTRICT JUDGE

 8   For the Government:

 9           Mr. Richard J. Powers
             United States Department of Justice
10           Environmental Crimes Section
             601 D Street NW
11           Suite 2106
             Washington, DC 20004
12

13           Mr. Steven Thomas Schammel
             United States Attorney's Office
14           1000 Louisiana Street
             Suite 2300
15           Houston, Texas 77002

16

17   For the Defendants:

18           Mr. David Gerger
             Gerger Hennessy & Martin
19           700 Louisiana St., Suite 2300
             Houston, Texas 77002
20

21           Mr. Christopher Leigh Peele
             Peele Nimocks Law Firm
22           4002 E. Highway 290
             Dripping Springs, TX 7862
23

24   Proceedings recorded by mechanical stenography, produced by
     computer-aided transcription.
25
```

2

1   Appearances - Con't:

2

3

4   Court Reporter:

5           Fred Warner
            Official Court Reporter
6           515 Rusk Avenue
            Houston, Texas 77002
7

09:51:12AM
09:51:12AM  8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 09:04:59AM | 1 |
| 09:05:00AM | 2 |
| 09:05:01AM | 3 |
| 09:05:06AM | 4 |
| 09:05:06AM | 5 |
| 09:05:10AM | 6 |
| 09:05:10AM | 7 |
| 09:05:12AM | 8 |
| 09:05:13AM | 9 |
| 09:05:17AM | 10 |
| 09:05:17AM | 11 |
| 09:05:17AM | 12 |
| 09:05:19AM | 13 |
| 09:05:19AM | 14 |
| 09:05:21AM | 15 |
| 09:05:27AM | 16 |
| 09:05:31AM | 17 |
| 09:05:34AM | 18 |
| 09:05:34AM | 19 |
| 09:05:38AM | 20 |
| 09:05:43AM | 21 |
| 09:05:44AM | 22 |
| 09:05:45AM | 23 |
| 09:05:46AM | 24 |
| 09:05:49AM | 25 |

THE COURT:  Good morning.  Please be seated after stating your appearances.  State your appearances, please.

MR. SCHAMMEL:  Steve Schammel for the United States government, Your Honor.

MR. POWERS:  R.J. Powers for the United States government Environmental Crimes Section.

MR. GERGER:  Good morning, Your Honor.  David Gerger and --

MR. PEELE:  Chris Peele, Your Honor, for the defense.

THE COURT:  All right.  Thank you.

And is Ms. Popov here?

MR. PEELE:  She is.

THE COURT:  All right.  Come on up, please, with your counsel.

And on behalf of Presmer, who is appearing?

MR. GERGER:  Ms. Popov as well, Your Honor.

THE COURT:  Very good.  Thank you.

Mr. Gerger, have you and Ms. Popov together reviewed the presentence report and the related materials?

MR. GERGER:  Yes, Your Honor.

THE COURT:  Do you have any objections?

MR. GERGER:  No.

THE COURT:  The government, I gather, has no objections, correct?

09:05:50AM 1        MR. POWERS:  None, Your Honor.

09:05:52AM 2        THE COURT:  As to Ms. Popov -- and let's do that

09:05:55AM 3 first -- the Total Offense Level is 15 and the Criminal

09:06:02AM 4 History Category is 2.  The guideline range is 21 to 27

09:06:08AM 5 months, but the statute does permit probation of up to three

09:06:18AM 6 years.  There is a fine range of $7,500 to $75,000 and a

09:06:27AM 7 mandatory special assessment of $100.

09:06:28AM 8        As to Presmer, there is no restitution

09:06:34AM 9 obligation, the statutory cap of the fine is 500,000,

09:06:40AM 10 guideline range is 120,000 to 240,000 and a $400 special

09:06:46AM 11 assessment.

09:06:49AM 12       And at this time -- and it's fairly, the

09:06:55AM 13 factual basis for both is undisputed.  The 13 shipments,

09:07:02AM 14 1,865 pieces of merchandise made of python or stingray skin

09:07:10AM 15 contrary to federal law protecting the species used to make

09:07:14AM 16 these accessories, and using false invoices and weigh bills,

09:07:22AM 17 failing to file the necessary declaration and obtain the

09:07:25AM 18 necessary permits from the country of origin for some of the

09:07:33AM 19 products.  It is an offense that Ms. Popov ended as soon as

09:07:49AM 20 she was detected, not before, but has been free of any kind

09:07:57AM 21 of similar or other activity of a criminal nature since, and

09:08:01AM 22 it's been over five years.

09:08:04AM 23       Is that an accurate summary?

09:08:06AM 24        MR. POWERS:  Yes, Your Honor.

09:08:08AM 25        THE COURT:  At this time I would like to hear from,

09:08:09AM 1  in whatever order Mr. Gerger and counsel want to address the

09:08:15AM 2  Court, I would like to hear from counsel for the defendant,

09:08:18AM 3  from the defendant, from the government.  And I have read the

09:08:22AM 4  many -- I've read, of course, the sentencing memo and the

09:08:26AM 5  many letters of support filed on behalf of Ms. Popov.

09:08:31AM 6            Go ahead, please.

09:08:31AM 7            MR. GERGER:  Your Honor, I'll be very brief, and

09:08:32AM 8  then Ms. Popov, of course, will speak.

09:08:32AM 9            THE COURT:  Of course.

09:08:38AM 10           MR. GERGER:  Representing Ms. Popov has reminded me

09:08:40AM 11 that when a good person is under investigation, it's the

09:08:44AM 12 first thing they think about in the morning, it's the last

09:08:47AM 13 thing they think about before they go to bed; and in between

09:08:51AM 14 those hours they take care of their business, their family,

09:08:58AM 15 their children, their volunteering and their school.

09:09:01AM 16           But it wasn't until I received these letters,

09:09:04AM 17 which they are truly extraordinary.  We don't often have

09:09:10AM 18 people who, I called it random acts of kindness in the

09:09:16AM 19 sentencing memorandum.  Someone is flooded, Annsley helps

09:09:22AM 20 them; someone has mold, Annsley helps them; someone has

09:09:22AM 21 cancer, she travels to the treatments with them.

09:09:26AM 22           Normally, Your Honor, I would read for you the

09:09:29AM 23 people who have come to support her, but there are so many

09:09:33AM 24 people here from so many places, friends, family, people from

09:09:38AM 25 school, church, people who have traveled from out of town, I

09:09:43AM 1    think I will simply leave it as you see in the audience.

09:09:45AM 2        THE COURT:  I see a large crowd.

09:09:47AM 3        MR. GERGER:  A large crowd who support her.

09:09:49AM 4        THE COURT:  And I don't think they're here for the

09:09:50AM 5    government.

09:09:51AM 6        MR. GERGER:  No.  But they're here knowing what she

09:09:55AM 7    did.

09:09:56AM 8            In our memo we addressed the 3553(a) factors.

09:10:02AM 9    If there is any one in particular I should address, I would

09:10:05AM 10   regret it if you had a question about it.  But if there are

09:10:09AM 11   no questions, then I will just ask Annsley to speak to you;

09:10:12AM 12   and if you will allow it, of all the people who are here,

09:10:15AM 13   would you allow her father to make a very short statement as

09:10:15AM 14   well?

09:10:20AM 15       THE COURT:  Of course.

09:10:21AM 16       Ms. Popov.

09:10:21AM 17       THE DEFENDANT:  Dear Judge Rosenthal:  I believe if

09:10:28AM 18   I were in your shoes I would want to hear why I committed a

09:10:32AM 19   crime and what I have done with my life since 2013.

09:10:36AM 20           I don't want to make any excuses.  I cut

09:10:42AM 21   corners to fill my orders for my business, and that was

09:10:47AM 22   wrong.  I broke the import law.  When I met with the agent in

09:10:52AM 23   2013, I omitted that I shipped without CITES and with false

09:10:59AM 24   descriptions.  After that, I blamed my supplier wrongly.

09:11:04AM 25   These were my actions.

09:11:06AM 1        And I want to say to you, and I want to say to

09:11:15AM 2   you and the probation officer and the prosecutor that I am

09:11:21AM 3   sorry, and I take and I accept responsibility for it.  I

09:11:27AM 4   failed to live up to the standards that my parents set for

09:11:30AM 5   me.  It's painful for them to see this.  And I am very

09:11:36AM 6   grateful for their love.  Maybe even more importantly, I

09:11:41AM 7   failed to live up to the standards that I expect my own

09:11:44AM 8   children to live up to.

09:11:46AM 9        And that brings me to what I've done since

09:11:50AM 10  2013.  Since 2013 I have lived up to those standards.  I have

09:11:56AM 11  stayed active in my community and I supported others when

09:12:00AM 12  they needed it.  Most importantly, I have best the best

09:12:05AM 13  mother I can be to my children, Hudson and Palmer.  They are

09:12:10AM 14  now 15 and 10, and they are such wonderful young people and I

09:12:15AM 15  love them so much.

09:12:16AM 16       I debated a long time whether to bring them to

09:12:21AM 17  this hearing.  Ultimately I decided it would be best for them

09:12:27AM 18  not to be here in person, but I promise I will use this

09:12:31AM 19  terrible experience to teach them to be proud and good and

09:12:36AM 20  not to break the law.

09:12:38AM 21       I regret that my actions over the past five,

09:12:43AM 22  over five years ago have now ruined my business.  As you

09:12:48AM 23  know, after I pled guilty, the consultant I used for my

09:12:53AM 24  permits and the majority of the stores that have carried my

09:12:57AM 25  products stopped dealing with me.  I doubt whether I will be

09:13:01AM 1  able to rebuild this business.

09:13:03AM 2           Also, these last five years I have tried to be

09:13:09AM 3  a good wife.  I am so very thankful for my husband, and I

09:13:13AM 4  have brought a lot of to pain to my family.

09:13:15AM 5           In sum, for the last five years, despite my

09:13:20AM 6  failures, I have tried to be a good person.  I am very, very

09:13:25AM 7  embarrassed and I am very, very sorry for what I did; and I

09:13:31AM 8  am begging you to let me stay with my family, my children.  I

09:13:37AM 9  promise I will not disappoint you.

09:13:39AM 10          THE COURT:  Thank you, Ms. Popov.

09:13:43AM 11          Did you want your father to address the Court?

09:13:47AM 12 I am happy to hear him.

09:13:52AM 13          MR. EGGERS:  Thank you.

09:14:04AM 14          THE COURT:  Would you please state your name, sir.

09:14:05AM 15          MR. EGGERS:  My name is Stan Eggers.

09:14:14AM 16          THE COURT:  Thank you.  Go ahead, please.

09:14:16AM 17          MR. EGGERS:  Your Honor, good morning.

09:14:20AM 18          I am 67 years old, and I am not a public

09:14:26AM 19 speaker.  I'm an imperfect dad speaking on behalf of my

09:14:32AM 20 daughter, who is not perfect either, but she is truly a good

09:14:38AM 21 person.  We love her, and she is passing that love to her

09:14:44AM 22 children, to her community and to her husband.

09:14:48AM 23          Since she was a little girl growing up in a

09:14:53AM 24 small town in Alabama, she was always following her teaching

09:14:59AM 25 to help others.  I believe you received some letters from

09:15:05AM 1 people here saying she still has those values.

09:15:11AM 2                Annsley is a blessing.  This case has taken

09:15:17AM 3 such a toll on her and us.  I'm asking you with every ounce

09:15:26AM 4 of my strength if it's within your power to serve her

09:15:32AM 5 punishment some other way than prison.

09:15:38AM 6                Thank you, Your Honor.

09:15:40AM 7           THE COURT:  Thank you, sir.

09:15:41AM 8                Anything else on behalf of Ms. Popov and

09:15:47AM 9 Presmer?

09:15:47AM 10           MR. GERGER:  Not now, Your Honor.  Thank you.

09:15:48AM 11           THE COURT:  All right.

09:15:50AM 12                And the government, please.

09:15:51AM 13           MR. POWERS:  Thank you, Your Honor.

09:15:53AM 14                The government does not take exception to or

09:15:58AM 15 contest any of the mitigating evidence, the letters of

09:16:02AM 16 support that have been provided by defense for the Court's

09:16:06AM 17 review.

09:16:07AM 18           THE COURT:  Probation.  Does the government oppose

09:16:09AM 19 probation?

09:16:10AM 20           MR. POWERS:  The recommendation -- if I may put it

09:16:14AM 21 this way, Your Honor.  The government would recommend, as we

09:16:19AM 22 have done in similar cases, including those cases that are

09:16:23AM 23 listed in page 11 of the defense sentencing memorandum, we

09:16:27AM 24 want it consistent for our recommendation for a guideline

09:16:29AM 25 sentence, certainly in the lower end of the guidelines.

09:16:32AM 1          However, we recognize the extensive and
09:16:34AM 2  substantial evidence in the case here and special
09:16:37AM 3  circumstances; and therefore, we would not challenge a
09:16:40AM 4  sentence of probation, although we would request that there
09:16:45AM 5  be some sort of perhaps home confinement added to that, which
09:16:49AM 6  also is consistent with the sentences that are listed in the
09:16:52AM 7  sentencing memorandum.
09:16:54AM 8          I did want to raise two matters in terms of the
09:16:57AM 9  evidence that was provided.  We do not take exception except
09:17:02AM 10 for two items which supports our recommendation as has been
09:17:05AM 11 stated to the Court.  First, with respect to the letters of
09:17:07AM 12 support, I would just observe that out of 63 that I read,
09:17:10AM 13 half of them listed the defendant's conduct as a mistake or
09:17:17AM 14 mistakes.  I know that it's typical in a lot of these
09:17:18AM 15 letters, we understand that.  However, this was not a
09:17:21AM 16 mistake.
09:17:21AM 17          THE COURT:  No.  The only mistake was in judgment.
09:17:24AM 18          MR. POWERS:  Thank you, Your Honor.  And I will
09:17:27AM 19 leave that to you, Your Honor.
09:17:28AM 20          The other matter I wanted to take up was the
09:17:31AM 21 claim by the defense in its sentencing memorandum that these,
09:17:36AM 22 particularly the pythons, were legally harvested in Asia.
09:17:41AM 23 While that is, generally speaking that is true, I think the
09:17:45AM 24 devil's in the details.  There is many things that a
09:17:48AM 25 harvester must do in Indonesia.  We're not even talking about

09:17:53AM   1   CITES, we're not talking about the convention and the permit

09:17:58AM   2   required by the convention, which the defendant has admitted

09:17:59AM   3   she did not obtain.  We're talking about in-country permits

09:18:01AM   4   that are required, we're talking about quotas that have to be

09:18:03AM   5   met and kept to, and we are talking about transport

09:18:07AM   6   documents.  We have evidence in our case that her supplier,

09:18:18AM   7   Tomi Saksono, spelled T-o-m-i S-a-k-s-o-n-o, did not, did not

09:18:20AM   8   really abide by quotas; and we have no evidence in all the

09:18:24AM   9   emails and email traffic that we saw that he in any way

09:18:27AM   10  obtained any permits or transport documents.

09:18:29AM   11         And the truth is -- and I think the Court is

09:18:32AM   12  probably well aware of this -- is that while local harvesting

09:18:35AM   13  is not the issue, the issue is the international market.  The

09:18:38AM   14  issue is the thousands and hundreds of thousands,

09:18:41AM   15  particularly of pythons, are being taken; and that is the

09:18:44AM   16  purpose of CITES, that's why it exists, in addition to the

09:18:46AM   17  fact Indonesia did in fact and has in fact taken steps to

09:18:51AM   18  control that species degradation.  And so, although it is

09:18:57AM   19  not -- we're not saying it's endangered, it's on CITES

09:19:03AM   20  Appendix II, the species is on CITES Appendix II because the

09:19:03AM   21  harvesting as such as it is in the international market

09:19:06AM   22  cannot be sustained, and that species cannot be sustained in

09:19:10AM   23  a third world country.  So again, that's why our

09:19:13AM   24  recommendation is such as it is.

09:19:14AM   25         So the recommendation is I think consistent

09:19:20AM 1  with the past cases we have cited.  We would not challenge a

09:19:23AM 2  sentence of probation, but we would ask for, if the Court

09:19:26AM 3  decides that this evidence is sufficient to depart from the

09:19:30AM 4  guidelines, since the Court is, I am sure, well aware of the

09:19:33AM 5  process in doing so, we ask that simply that there be a

09:19:38AM 6  reason entered there for a probation term in term of years

09:19:38AM 7  and home confinement.  Thank you, Your Honor.

09:19:42AM 8          THE COURT:  Thank you.

09:19:42AM 9              Mr. Gerger, do you want to respond?

09:19:44AM 10         MR. GERGER:  I think I will just go straight to a

09:19:49AM 11  discussion of probation, Your Honor.

09:19:53AM 12         THE COURT:  Tell me why you oppose home confinement.

09:19:55AM 13         MR. GERGER:  I oppose home confinement for a couple

09:19:58AM 14  of reasons.  The length of time that has gone by proves that

09:20:04AM 15  we have a person here who is rehabilitated, in compliance, is

09:20:10AM 16  not a threat to the community.  And, in fact, Your Honor, the

09:20:16AM 17  ordeal and lifelong stigma now, frankly, that's even a

09:20:23AM 18  greater punishment, that is a punishment.  She is not a

09:20:32AM 19  threat that she needs to be on home confinement.  And she has

09:20:37AM 20  responsibilities that she will fulfill.  In fact, Your Honor,

09:20:40AM 21  it's ironic we're here during a shutdown.

09:20:44AM 22         THE COURT:  We are not shut down.  We have money

09:20:46AM 23  through the 18th.  Keep going.

09:20:49AM 24         MR. GERGER:  I won't go that long.

09:20:51AM 25              But my point is --

09:20:52AM 1    THE COURT:  And by the way, we won't be shut down

09:20:55AM 2  after that.

09:20:55AM 3    MR. GERGER:  I know, I know.  But my point of that,

09:20:58AM 4  of saying that is that --

09:20:58AM 5    THE COURT:  We just won't be paid.

09:21:02AM 6    MR. GERGER:  And in consideration of our probation

09:21:04AM 7  officers, if you order probation, of course, Ms. Popov will

09:21:09AM 8  comply.  You could decide that the resources of the

09:21:14AM 9  government would better be served with a fine only or with a

09:21:19AM 10 one-year probation.  But I do not think home confinement is

09:21:25AM 11 needed.

09:21:25AM 12    And secondly, I know that your standard order

09:21:29AM 13 from 2007, 2017-1 adopts the standard conditions of

09:21:35AM 14 probation.

09:21:39AM 15    Mr. Eggers lives in Florida, Annsley's parents

09:21:41AM 16 live in Florida and North Carolina.  Her sisters are in

09:21:45AM 17 Maryland and Louisiana, Georgia, and her in-laws are in

09:21:52AM 18 Louisiana.  And we would ask that she be allowed to travel if

09:21:56AM 19 she is put on probation.

09:21:59AM 20    THE COURT:  Thank you.

09:22:00AM 21    Anything further?

09:22:03AM 22    MR. POWERS:  No, Your Honor.

09:22:04AM 23    THE COURT:  These cases are challenging for Courts

09:22:10AM 24 because they come to the Court in the context of all of the

09:22:13AM 25 cases that we see.  Of course, each defendant, each case

09:22:17AM 1 merits and receives individual consideration.

09:22:21AM 2           But when we get defendants that share some of

09:22:31AM 3 the characteristics of Ms. Popov, smart, well educated,

09:22:37AM 4 privileged, fully equipped with a value system guided by

09:22:47AM 5 family, teaching and other parts of life living, evidence

09:22:57AM 6 only the best values, the ones we cherish.  When defendants

09:23:04AM 7 like this who have every ability to live a fully law-abiding

09:23:12AM 8 life choose not to, it leaves the Court in an uncomfortable

09:23:18AM 9 position because we have so many defendants who have no

09:23:24AM 10 resources, who grew up deprived and who commit crimes that

09:23:33AM 11 require very harsh sentences.

09:23:39AM 12           And the contrast between someone who comes in

09:23:47AM 13 and says, I'm good person, I come from a good family, I have

09:23:50AM 14 done a lot of good except for this; therefore, I don't need

09:24:00AM 15 and should not receive a harsh punishment, there is a

09:24:06AM 16 queasiness that results because of the clear irony of a good

09:24:13AM 17 person who in one part of their lives does not make what we

09:24:21AM 18 teach our children to call good choices.  And that's what Ms.

09:24:33AM 19 Popov presents.

09:24:33AM 20           Mr. Gerger was absolutely right in his

09:24:37AM 21 characterization of many of the 3553(a) factors.  The numbers

09:24:47AM 22 and content of the letters that support Ms. Popov are

09:24:51AM 23 evidence of that.

09:24:56AM 24           I believe that Ms. Popov is a genuinely kind

09:25:01AM 25 and giving person, not only to family, not only to friends

09:25:09AM 1    when it's easy, but when it's not so easy.  That matters.

09:25:17AM 2    But when Ms. Popov began by saying, I cut corners, she did a

09:25:21AM 3    lot more than cut corners.

09:25:30AM 4            So what do I do with all of this?  I agree with

09:25:35AM 5    the defendant that probation is appropriate.  I don't believe

09:25:40AM 6    that this long afterwards, given the nature of the criminal

09:25:44AM 7    activity, that any kind of prison sentence is needed or

09:25:54AM 8    warranted.  I believe that three years is appropriate because

09:26:01AM 9    I also believe that because this was a business related crime

09:26:08AM 10   committed for money that the combination of fine and required

09:26:16AM 11   community service rather than a period of home confinement is

09:26:20AM 12   appropriate.

09:26:21AM 13           I would rather that Ms. Popov spend time that

09:26:27AM 14   she might otherwise have been stuck in a very nice home with

09:26:32AM 15   lovely children and with friends, which is not perhaps

09:26:40AM 16   punitive in the way the government mentions, I would rather

09:26:45AM 17   that the time instead be spent in a somewhat grittier form

09:26:52AM 18   of community service than Ms. Popov has been accustomed to

09:26:56AM 19   performing.  I am not talking about sitting in a conference

09:27:01AM 20   room at a meeting for a charitable organization.  I am

09:27:09AM 21   talking about something a little bit more hands on.

09:27:12AM 22           So where does that take us?  It is the Court's

09:27:16AM 23   judgment that based on the 3553(a) factors and the guidelines

09:27:22AM 24   that the appropriate sentence in this case is a three-year

09:27:26AM 25   term of probation, and it is the Court's judgment.  I will

09:27:31AM 1  impose the standard conditions with the requirement that

09:27:38AM 2  while I am not prohibiting travel, I am limiting it during

09:27:42AM 3  this three-year period.  I am limiting it to travel to visit

09:27:46AM 4  family, and I am limiting it in the sense that I am going to

09:27:51AM 5  require Ms. Popov to notify the probation officer and to

09:28:00AM 6  advise the probation officer of the purpose and nature of the

09:28:03AM 7  trip, duration, all of the usual.

09:28:05AM 8          I know that Ms. Popov is already receiving

09:28:17AM 9  mental health treatment, and I am going to require that that

09:28:20AM 10 continue.  The probation officer needs to be informed of it,

09:28:24AM 11 but I am not going to impose a requirement beyond that.

09:28:27AM 12         I am going to require the collection of a DNA

09:28:30AM 13 sample if that's authorized, but there will be no requirement

09:28:33AM 14 for any kind of drug testing or substance abuse testing.

09:28:41AM 15         I do require, because I am imposing a fine,

09:28:45AM 16 that you provide the probation officer with access to any

09:28:48AM 17 requested financial information and authorize the release of

09:28:52AM 18 any requested financial information, which may be shared with

09:28:56AM 19 the U.S. Attorney's office.

09:28:58AM 20         Ms. Popov also owes the United States

09:29:04AM 21 assessment, a special assessment of $1,000, Presmer 400 --

09:29:08AM 22 I'm sorry -- $100, Presmer $400.  That is due immediately.

09:29:13AM 23         I also order that the defendant, Ms. Popov, pay

09:29:18AM 24 to the United States a fine in the amount of $30,000 and that

09:29:24AM 25 Presmer pay a $120,000 fine for a total fine between the two

09:29:30AM 1   of them of $150,000.

09:29:32AM 2           A lump sum payment of $500 each is due

09:29:39AM 3   immediately.  The remaining balance will be due in monthly

09:29:45AM 4   installments of not less than $1,000 until paid in full,

09:29:51AM 5   payment to begin 30 days after the date of this judgment and

09:29:59AM 6   made to the United States District Clerk of this district.

09:30:01AM 7   That is $1,000 for each, Ms. Popov and Presmer.

09:30:10AM 8           And I believe that that addresses everything I

09:30:21AM 9   need to address.

09:30:23AM 10          Does the probation office know of anything more

09:30:25AM 11  that I need to address?

09:30:26AM 12          PROBATION OFFICER:  No, Your Honor.

09:30:27AM 13          THE COURT:  All right.

09:30:28AM 14          Anything on behalf of either party?

09:30:30AM 15          MR. POWERS:  You indicated community service.

09:30:32AM 16          THE COURT:  Oh, yes.  Thank you.  I did forget that.

09:30:34AM 17          I am going to required that Ms. Popov in

09:30:38AM 18  addition perform 500 hours of community service each of the

09:30:43AM 19  three years.  That's a lot, but it's not too much.  And I

09:30:48AM 20  order that that be performed at either the Star of Hope

09:30:52AM 21  Mission or Meals on Wheels and that Ms. Popov personally do

09:31:02AM 22  the service indicated.

09:31:04AM 23          The third alternative would be to work with

09:31:10AM 24  mothers at the Harris County jail, incarcerated women who

09:31:14AM 25  have children and are in need of assistance with respect to

09:31:21AM  1   the children.  There are programs that the Harris County jail

09:31:25AM  2   has in place.  Ms. Popov may use those.  She may volunteer at

09:31:30AM  3   the Star of Hope Mission or she may volunteer as a driver or

09:31:37AM  4   similar role in Meals on Wheels, and that the community

09:31:48AM  5   service hours are to be reported to the probation officer.

09:31:54AM  6          Now is there anything further?

09:31:57AM  7          MR. POWERS:  Nothing from the government, Your

09:31:58AM  8   Honor.

09:31:58AM  9          THE COURT:  Thank you for the reminder.

09:32:01AM 10          All right.  Thank you.

09:32:02AM 11          I don't believe that there are any appellate

09:32:04AM 12   rights that survive the plea agreement.  If you believe

09:32:08AM 13   otherwise, you must file any appeal, notice of appeal within

09:32:12AM 14   14 days from the date the judgment is entered.  You may ask

09:32:16AM 15   for an attorney to be appointed if you cannot afford one.

09:32:19AM 16          Anything else?

09:32:23AM 17          MR. POWERS:  No, Your Honor.

09:32:24AM 18          MR. GERGER:  No, Your Honor.

09:32:24AM 19          THE COURT:  Thank you very much.  All those who came

09:32:29AM 20   today, thank you for demonstrating what the letters also

09:32:33AM 21   demonstrated.

09:32:34AM 22          You all are excused.

           23

           24

           25          (Conclusion of proceedings)

CERTIFICATION

I, Fred Warner, Official Court Reporter for the United States District Court for the Southern District of Texas, Houston Division, do hereby certify that the foregoing pages 1 through 18 are a true and correct transcript of the proceedings had in the above-styled and numbered cause before the Honorable LEE H. ROSENTHAL, Chief United States District Judge, on the 10th day of January, 2019.

WITNESS MY OFFICIAL HAND at my office in Houston, Harris County, Texas on this the 25th day of February, A.D., 2024.

/s/ Fred Warner
Fred Warner, CSR
Official Court Reporter